UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY C. BEARD,

    Plaintiff,

v.                                          Case No. 1:14-cv-1045
                                          Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) which denied his claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff was born in 1959. PageID.269. He completed high school, had specialized training in building maintenance, and previous employment as an assembly line worker, a building maintenance worker, a painter and a sanitation worker at a food bar factory. PageID.275. Plaintiff alleged a disability onset date of August 1, 2008. PageID.269. Plaintiff identified his disabling conditions as a learning disability. PageID.274. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on April 26, 2013. PageID.80-90. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905

F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the

3

plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of August 1, 2008 and that he met the insured status requirements of the Act through March 31, 2013. PageID.82. At the second step, the ALJ found that plaintiff had a severe impairment of a learning disorder, intellectual disability, depression, anxiety and hypertension. PageID.82. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id.*

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to unskilled work, which includes: simple, routine, and repetitive tasks with no more than simple short instructions and simple work-related decisions with few workplace changes. The claimant must avoid contact with the general public. The claimant is limited to a job that would not require reading and writing. The claimant can do simple Math.

PageID.85. The ALJ also found that plaintiff was capable of performing his past relevant work as a brush painter, work which did not require performance of work-related activities precluded by his residual functional capacity (RFC). PageID.89. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from August 1, 2008 (the alleged onset date) through April 26, 2013 (the date of the decision). PageID.89-90.

## III. ANALYSIS

Plaintiff raised four issues on appeal.

4

### A. This Court should consider post hearing evidence.

In his brief, plaintiff mentions that after the administrative hearing, plaintiff was discharged from outpatient mental health for "serious disruptive behavior." PageID.55, 472-473. While plaintiff apparently wants the Commissioner to consider this new evidence pursuant to sentence six of § 42 U.S.C. § 405(g), he does not develop this argument in a meaningful manner. Accordingly, the Court deems this issue waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

### B. The ALJ committed reversible error by not finding that plaintiff met Medical Listing 12.05C.

Plaintiff contends that the ALJ erred by not finding that he met the requirements of Listing 12.05C. A claimant bears the burden of demonstrating that he meets or equals a listed impairment at the third step of the sequential evaluation. *Evans v. Secretary of Health & Human Services*, 820 F.2d 161, 164 (6th Cir.1987). In order to be considered disabled under the Listing of Impairments, "a claimant must establish that his condition either is permanent, is expected to result in death, or is expected to last at least 12 months, as well as show that his condition meets or equals one of the listed impairments." *Id.* An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20 C.F.R. §§ 404.1525(d) and 416.925(d). A claimant does not satisfy a particular listing unless all of the requirements of the listing are present. *See Hale v. Secretary of Health & Human Services*, 816 F.2d 1078, 1083 (6th Cir.1987). *See, e.g., Thacker v. Social Security Administration*, 93 Fed. Appx. 725, 728 (6th Cir 2004) ("[w]hen a claimant alleges that he meets or equals a listed impairment, he must

present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency"). If a claimant successfully carries this burden, the Commissioner will find the claimant disabled without considering the claimant's age, education and work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d).

Listing 12.05 provides in pertinent part as follows[1]:

> 12.05 Intellectual disability: Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> \* \* \*
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]

Listing 12.05C, 20 C.F.R. Pt. 404, Subpt. P, App. 1.

"[A] claimant must make three showings to satisfy Listing 12.05(C): (1) he experiences significantly subaverage general intellectual functioning with deficits in adaptive functioning that initially manifested during the developmental period (i.e., the diagnostic description); (2) he has a valid verbal, performance, or full scale IQ of 60 through 70; and (3) he suffers from a physical or other mental impairment imposing an additional and significant work-related limitation of function." *West v. Commissioner Social Security Administration*, 240

---

[1] The Court notes that at the time of the ALJ's decision, Listing 12.05 referred to the subject matter of the listing as "mental retardation" rather than "intellectual disability."

Fed. Appx. 692, 697-98 (6th Cir. 2007) (internal quotation marks and brackets omitted). Here, the ALJ found that plaintiff's IQ score and additional work limitations met the requirements of paragraph C, but that he did not meet the listing due to the absence of the diagnostic description or adaptive functioning:

> The undersigned has also given specific consideration to listing 12.05C regarding mental retardation given psychological testing of the claimant in January 2012 established the claimant received a full scale IQ score of 63 (Exhibit 2F). Paragraph C criteria requires the presence of a valid verbal, performance, or full scale IQ score between 60 and 70 and another impairment, physical or mental, that imposing an additional and significant work-related limitation of function. Notwithstanding the fact that the record does includes [sic] an IQ score between 60 and 70, and the claimant has impairments that impose additional work-related limitations, the undersigned finds that the claimant has not established that he has the required deficits in adaptive functioning to meet this Listing. As set forth in 12.05, before any of the criteria in paragraphs A through D can be considered, the record must first establish that a claimant has "intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period" (or the age of 22). The Diagnostic and Statistical Manual of Mental Disorders (4th Edition) states that there must be significant limitations in at least two of the following areas: communication, self-care, home living, social and interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety. Based on this record, the undersigned finds that there is no evidence to support a finding that the claimant was limited in at least two of the listed areas on or before he turned 22 years old.
>
> Even if the undersigned finds that the claimant's report that he was enrolled in special education classes when he was in high school is evidence of one deficit, the undersigned finds no evidence that he had at [sic] one other deficit at the time he attained 22 years of age. Regarding the communication area, the record demonstrates the claimant is able to communicate with all of his treatment providers and consultative examiners without deficit. Multiple examinations documents that he appeared casual dressed with no observed grooming problems and he reported in function reports that he was capable of household chores and cooking. Although there is evidence that he has unsuccessfully entered into two marriages, which ended in a divorce, he has raised six children alone without assistance. The claimant reports he has no problems getting along with his co-workers or supervisors. At the hearing, the claimant reported that he is currently receiving $200 food stamps on his son's behalf and $120 child support. The undersigned notes the claimant had a valid driver's license until 2007 (Exhibit 2F), when the license was suspended for driving

> under intoxication. The undersigned finds that this is evidence that he is capable of seeking out community resources as needed. In the area of work, the claimant was capable of sustaining various gainful occupations for decades, at least until 2008, including as a painter and custodian for car dealership a period of ten years. While it is difficult to assess the degree of interference the claimant's intellectual functioning had on his leisure activities over 30 years ago, the undersigned finds that the medical record documents that the claimant is aware of his health and safety in terms of seeking out treatment and medication refills as needed.

PageID.83.

The ALJ's conclusion that plaintiff failed to meet the adaptive functioning requirement is supported by substantial evidence as set forth in the decision. "Adaptive functioning is different from intellectual functioning." *Peterson v. Commissioner of Social Security*, 552 Fed. Appx. 533, 540 (6th Cir. 2014). The adaptive functioning requirement (sometimes referred to as "adaptive skills") "evaluates a claimant's effectiveness in areas such as social skills, communication skills, and daily-living skills." *Hayes v. Commissioner of Social Security*, 357 Fed. Appx. 672, 677 (6th Cir. 2009). Thus, a claimant's adaptive skills under Listing 12.05C were not deficient where "[s]he cares for herself and her husband; cooks meals, does laundry, and shops; manages her finances; and takes public transportation." *Id*. Accordingly, plaintiff's claim of error is denied.

### C. The ALJ committed reversible error by assigning great weight to a non-examining medical expert and by wrongly weighing medical evidence from treating and examining physicians.

Plaintiff contends that the ALJ violated the treating physician rule discussed in *Gayheart v. Commissioner of Social Security*, 710 F.3d 365 (6th Cir. 2013) "by assigning 'the greatest weight' to the opinion of a non-examining psychologist who could not have reviewed the complete Record." PageID.475. Plaintiff's cryptic argument does not address the ALJ's evaluation of the medical evidence in a meaningful manner. "It is not sufficient for a party to mention a

possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson*, 125 F.3d at 995-96. Accordingly, the Court deems this issue waived. *Id.*

    **D.**  **The ALJ committed reversible error by using improper boilerplate language in the opinion.**

    Plaintiff contends that the ALJ used meaningless boilerplate language to evaluate his credibility. Where a claimant contends that the ALJ made only a "boilerplate" credibility finding, this contention has no merit where the ALJ provided a thorough explanation elsewhere in the decision setting forth his reasons for doubting the claimant's account. *See Cox v. Commissioner of Social Security*, 615 Fed. Appx. 254, 260 (6th Cir. 2015). Here, the ALJ gave specific reasons for discounting plaintiff's credibility, PageID.86-89, concluding that "[t]he benign objective findings in the treatment notes discredit the claimant's allegations of disabling hypertension, anxiety and depression." PageID.89. Accordingly, this claim of error is denied.

    **IV. CONCLUSION**

    The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.


Dated: March 21, 2016        /s/ Ray Kent
                   Ray Kent
                   United States Magistrate Judge